IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION
COURT FILE NO.: UNASSIGNED

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 MAR 22 PM 4:08

DEPUTY CLERK____NT

Keyon Marks
4210 W. Pioneer Dr. Apt. 1048
Irving, Texas 75061

    Plaintiff,

-vs-

Convergent Outsourcing, Experian
Information Solutions, Inc.;
Trans Union LLC,
Equifax Information Services, LLC;
CSC Services Inc, Arkansas Office of Child Support,
Arvest Bank, Bank of America, Cap One, WFNN/Express,
ACS/US Bank, Dept of Veterans Affairs, Federal Loan Servicing/PHEAA,
Millennium Financial Gro, MOHELA/Missouri Student Loans,
MOHELA.US Bank, Southwest Credit Systems, State of Alabama Human Resources,

**COMPLAINT
WITH JURY TRIAL DEMAND**

**3-13CV1229-M**

## PRELIMINARY STATEMENT

1. The Fair Credit Reporting Act, 15 U.S.C 1681 et seq. (hereinafter "FCRA"), grew out of justified concerns in Congress over abuse in the credit reporting industry.
2. The Defendant consumer credit reporting agencies are major players in the consumer reporting industry.
3. In theory, the faster accurate, sensitive personal information about a person's credit worthiness flows into credit furnishes' computers, the faster credit flows to the consumer, and the faster the economy grows.
4. To his end "an elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers" 15 D.S.C. 1681 (a)(2).
5. The preamble to FCRA finds that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," and emphasizes the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 D.S.C. 1681 (a)(3).
6. Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors, and even the consumer him/himself.
7. Errors and misinformation in credit reports lead to mistake in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit or are otherwise harmed.
8. Aware that, "a poor credit history is the "Scarlet Letter of 20th Century America" [ 136 CONG REC. HS325-02 daily ed. July 23, 1990 (Statement of Rep. Annunzio), 1990 WL 103877], Congress placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum possible accuracy of information concerning the individual about whom the report relates. Congress passed the FRCA with the specific intent to give the consumer power the "impersonal and unconcerned attitude displayed by business machines as to the impact of their actions upon and individual consumer... "<u>Vinson vs. Ford Motor Credit Co."</u>, 259 So.2d 768, 771 (Fla. App. 1972).
9. Plaintiff brings their action for damages against Defendant for violations of the Fair Credit Act, 15 U.S.C. 1681 *et seq.* Plaintiff seeks injunctive relief, actual damages, punitive damages, costs and

1

attorney fees.

10. Plaintiff has spent time, effort and money over the years building his credit reputation as a credit worthy individual. His credit reputation is an invaluable personal asset. The Defendant credit reporting agencies collectively (hereinafter "CRAs") know there to be true.

## JURISDICTION

11. Jurisdiction of their Court arises under 15 D.S.C. 1681 *et seq*.

## PARTIES

12. Plaintiff Keyon Marks is a natural person whose resides in Irving, Texas, Plaintiff is a "consumer" as defined by 15 D.S.C. 1681a(c).

13. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign corporation incorporated under laws of Ohio and is authorized to do business in the State of Texas. It has its principal place of business at 701 Experian Parkway, Allen, TX 75013. Defendant Experian is a consumer reporting agency as defined by 15 D.S.C. 1681a(f) of the Act regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 1681a(d) of the Act, to third parties.

14. Defendant Equifax is a foreign corporation, which was incorporated under the laws of Georgia and authorized to do business in the State of Texas. It has its principal place of business at 1550 Peachtree Street NW, Atlanta, GA 30309. It is a consumer credit reporting agency as defined by 15 D.S.C. 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 1681 a(d) of the Act, to third parties.

15. Defendant Trans Union, LLC is a foreign corporation incorporated under the laws of Delaware and authorized to do business in the State of Texas. It is agency a consumer credit reporting as defined by 15 U.S.C. 1681a(f) of the Act, regularly engaged in the business of assembling evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 1681 a(d) of the Act, to third parties.

16. Defendant Citibank (South Dakota), N.A. (hereinafter "Citibank") is a foreign corporation incorporated under the laws of the State of Delaware. It is headquartered at 701 E. 60th Street North, Sioux Falls, South Dakota 57104. It is a credit grantor and furnisher within the meaning of 15 U.S.C 1681 *et seq*.

17. Defendant GE Consumer Finance d/b/a GEMB/Mervyns (hereinafter "GEMB") is a foreign corporation incorporated under the laws of the State of Delaware. It is headquartered at 1600

2

Summer Street, Stamford, CT 06927. It is the card services division of GE Capital Corporation, with Mastercard and Visa Credit Cards. GE Consumer Finance is a leading provider of financial services to consumers and retailers in 38 countries around the world. As unit of the General Electric Company, with more than $106 billion in assets, it offers a full range of innovative financial products to suit our partners' needs. Those products include private label credit cards, such as MasterCard and Visa Credit Cards; personal loans, bank cards, auto loans and leases, mortgages, corporate travel and purchasing cards, debt consolidation, home equity loans and credit insurance. It is a credit grantor and furnisher within the meaning of 15 U.S.C. 1681 *et seq.*

## FACTUAL ALLEGATIONS

18. In May of 2009 Plaintiff made an application to refinance his car and reviewed a merged credit report of his credit history.
19. Therein he saw that Convergent Outsourcing, a debt collector, reported #76499819 collection tradeline on his credit report.
20. It was then on or about May 13,2009 that Plaintiff went to the Little Rock, AR police department and filed a police (# 36-15942) on his stolen wallet and informed the police that his social security card were also stolen.
21. Plaintiff on or about May 13,2009 disputed the alleged debt with Convergent Outsourcing in a letter.
22. On or about July 2009 Convergent Outsourcing informed Plaintiff they have closed his account.
23. Subsequent to these events, Plaintiff, on or about September 25,2009, registered a theft of identity compliant (#203581) with the FTC, and he obtained completed a FTC identity theft affidavit.
24. Plaintiff listed the following accounts as not belonging to him on the FTC compliant:
    - ACS/US Bank - # 999993****
    - Arkansas Office Of Child Support - # 40548****
    - Arvest Bank - #22579****
    - Bank Of America - # 488894099206****
    - Cap One - # 515599008032****
    - WFNNB/Express - #32098****
    - Convergent Outsourcing - 76499819****
    - Dept Of Veterans Affairs - # 99999993837****
    - Federal Loan Servicing /PHEAA - # 9212098470FD0****
    - Millennium Financial Gro - # 210318415287***

3

- o   MOHELA/Missouri Student Loan - #9154700063MO0***
- o   Southwest Credit Systems - # 013567****
- o   State of Alabama Human Resources - # 204****

25. Plaintiff then sent the affidavit(s) with a copy of the police report to each Credit Bureau listed in his FTC Compliant.
26. Plaintiff believed at that time that the action on his part would cure his credit history of these errors and fraudulent accounts.
27. Plaintiff closed their dispute letter by stating "Please reinvestigate these disputed items and send me a corrected credit report."
28. None of the Defendant credit reporting agencies complied with his request to investigate.
29. Instead, Experian and Equifax mailed him letters in March 2006 granting Plaintiff a 7 year security fraud alert on his credit history stored on their respective database.
30. Equifax referred Plaintiff to a website, a toll-free telephone number so that he might obtain his free credit reports and if he chose to write for the credit report, it referred him to CSC Credit Services Inc.
31. Experian . likewise, referred Plaintiff to a website, a toll-free telephone number and a mailing address so that he might obtain his free credit reports.
32. The Defendant CRAs again by their actions and inactions violated 1681 and 1681 c-1(a)(2)(B) and (b)(2)(B) when each failed to provide Plaintiff with a free credit report in connection with his fraud alert and 1681 i when it failed to investigate his disputes.
33. Experian then listed on page 25 on April 3, 20009 Experian credit report two erroneous social security numbers that <u>are not</u> and <u>never were</u> Plaintiffs.
34. Plaintiff clearly understood, if the Defendant did not, that the errors on his credit history meant he very much still a vulnerable victim of identity theft.
35. Even more so, Plaintiff worried he might be in jeopardy with the Department of Homeland Security, if the person or persons fraudulently using his identity were illegal immigrants.
36. Trans Union by late-April 2009 had failed to respond to Plaintiffs February 28, 2009 dispute.
37. Plaintiff then filed her lawsuit, his fourth dispute.
38. As a result of Defendants' conduct, actions, and inaction, Plaintiff has suffered out-of-pocket expenses, loss of time at his work and others pursuits, and detriment to his credit embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby requests a trial by jury. IS Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 1681, *ET SEQ.*

### EXPERIAN, TRANS UNION, EQUIFAX

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.
41. Defendants prepared complied, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.
42. Defendants willfully and/or negligently violated 15 U.S.C. 1681c(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons.
43. Defendants willfully and/or negligently violated 15 U.S.C. 1681i (a) by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information in January 2008 and october 2009.
44. Defendants violated 1681j(d) and 1681c-1(a)(2)(B) and (b)(2)(B) when they failed to provide Plaintiff with free credit report in connection with his fraud alert.
45. As a result of Defendants' conduct, action and inaction, Plaintiffs creditworthiness was damaged.
46. As a result of Defendants' conduct, action, and inaction, Plaintiff has suffered physical upset, emotional distress, humiliation, mental anguish and damages to his credit worthiness, which is defamation per se.
47. Defendants' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 D.S.C. 1681n of the Act.
48. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be allowed by the Court pursuant to 15 D.S.C. 1681n and 15 U.S.C. 1681o of the Act.

### COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT-IS U.S.C. 1681s-2(b)

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.
50. Defendants willfully and/or negligently violated 15 D.S.C. 1681s-2(b) by failing to conduct a

reasonable investigation with respect to the disputed information in January 2008, October 2008 and February 2009.

51. As a result of Defendants' violations of 1681s-2(b), Plaintiff has suffered out-of-pocket expenses, loss of time at his work, and detriment to his credit rating resulting in a frustrating inability to obtain credit easily if at all, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

52. Defendants' conduct, actions, and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be allowed by the Court pursuant to 15 U.S.C 1681n and 1681o.

## COUNT III

## CREDIT DEFAMATION

## EXPERIAN, TRANS UNION, EQUIFAX

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendants' foregoing intentional actions including, but not limited to reporting errors on Plaintiff's credit reports, constitutes credit defamation.

56. Defendants' foregoing actions including, but not limited to falsely reporting that accounts belonged to Plaintiff, when in fact they knew or should have known that Plaintiff did not open and did not authorized anyone to open such accounts, was intentional and malicious.

57. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered out-of-pocket expenses, loss of time at his work, and detriment to his credit rating, resulting in a frustrating inability to obtain credit easily, emotional distress, embarrassment, anxiety, and humiliation in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that judgement be entered against each Defendant for:

a.) Actual damages in an amount to be determined at trial against each Defendant;

b.) Statutory and punitive damages in an amount to be determined at trial against each Defendant.

c.) Costs and reasonable attorney fees pursuant 15 U.S.C. 1681 et seq.; and

d.) Other and further relief as may be just and proper.

Keyon Marks
Pro Se

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

ORIGINAL

RECEIVED MAR 22 2013

3-13CV1229-M

## I. (a) PLAINTIFFS
KEYON MARKS

## DEFENDANTS
CONVERGENT OUTSOURCING

**(b)** County of Residence of First Listed Plaintiff   DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **LABOR** / **SOCIAL SECURITY** / ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty |  | **IMMIGRATION** |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:
Reporting fraudulent, inaccurate and erroneous information on credit file

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____